UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTOINE D. JOHNSON, M.D.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PROBATION AND PRETRIAL SERVICES,<br><br>Respondent. | CASE NO. C21-5269-MJP-MLP<br><br>ORDER DENYING REFERRED MOTIONS FOR RECONSIDERATION RE: RECUSAL |

This matter comes before the Court on Petitioner Antoine D. Johnson's Motion to Alter or Amend a Judgment, Dkt. #22, and Motion for Amended or Additional Findings, Dkt #23. Magistrate Judge Peterson has reviewed these Motions, previously declined to recuse, and in accordance with this Court's Local Civil Rules, referred this matter to the undersigned for review. Dkt. #26; LCR 3(f).

The Court finds that Petitioner Johnson is moving for the Court to reconsider its prior rulings on recusal.[1] "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

A judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall

---

[1] The Court agrees with Judge Peterson that the rules cited by Petitioner, Fed. R. Civ. P. 52(b) and Fed. R. Civ. P. 59(e), apply in instances where a party is seeking to amend a judgment and/or the findings underlying a judgment. No judgment has yet been entered in this action and, thus, there is no judgment to alter or amend.

disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court has reviewed the above Motions and finds that Petitioner has failed to demonstrate manifest error or presented new facts or law that could not have been presented earlier with reasonable diligence. In any event, Petitioner has failed to demonstrate improper bias on the part of Magistrate Judge Peterson. Petitioner focuses solely on a perceived adverse ruling from Judge Peterson, which cannot serve as a basis for recusal. *See Studley, supra*.

Given all of the above, the Court finds and ORDERS that Petitioner Antoine D. Johnson's Motion to Alter or Amend a Judgment, Dkt. #22, and Motion for Amended or Additional Findings, Dkt #23, are DENIED.

DATED this 9th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE