UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOINE DOUGLASS JOHNSON,

Petitioner,

v.

UNITED STATES PROBATION AND PRETRIAL SERVICES,

Respondent.

CASE NO. 3:21-CV-5269-JCC-DWC

ORDER DECLINING TO VOLUNTARILY RECUSE

The District Court has referred this action filed under 28 U.S.C. § 2241 to United States Magistrate Judge David W. Christel.

Petitioner moves for the undersigned to be disqualified from this case, which is, in effect, a request that the undersigned recuse himself from this case. Dkt. 36. After review of Petitioner's Motion (Dkt. 36) and the relevant record, the undersigned declines to recuse himself and refers the Motion and this Order to Chief Judge Martinez pursuant to Local Civil Rule 3(f).

**I.      Discussion**

Pursuant to Local Civil Rule ("LCR") 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily."

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id*. at §455(b)(1). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court and has no personal bias or reason to be partial to one side or the other in this matter. Furthermore, the undersigned was referred on this case on July 27, 2021 and has made no rulings in this matter. *See* Dkt. 33.[1] Petitioner has not shown a reasonable person could question this Court's impartiality. Accordingly, the undersigned will not recuse himself voluntarily from this case.

**II.     Conclusion**

Based on the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself voluntarily.

The Clerk is directed to refer Petitioner's Motion (Dkt. 26) to Chief Judge Martinez in accordance with Local Civil Rule 3(f).

The Clerk is also directed to send a copy of this Order to Petitioner, to the Honorable Ricardo S. Martinez, and to the Honorable John C. Coughenour.

Dated this 11th day of August, 2021.

David W. Christel
United States Magistrate Judge

---

[1] The undersigned is referred on a separate matter filed by Petitioner. *See Johnson v. United State Probation & Pretrial Services*, Case No. 3:21-CV-5125-JCC-DWC. The undersigned declined to voluntarily recuse himself in that matter as well because Petitioner did not identify a valid basis for recusal and the undersigned perceived no justification for recusing voluntarily. *See id.* at Dkt. 36.