UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PROBATION AND PRETRIAL SERVICES,<br><br>Respondent. | CASE NO. 3:21-CV-5269-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 17, 2021 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Antoine Douglass Johnson, proceeding *pro se*, filed his federal habeas Petition, pursuant to 28 U.S.C. § 2241, challenging a 2011 federal conviction. Dkt. 10. Having reviewed the Petition and Petitioner's Response to the Order to Show Cause, the Court concludes the Court lacks jurisdiction over the Petition and the Petition is an impermissible attempt to circumvent the procedural limitations on filing a second or successive 28 U.SC. § 2255 petition. Accordingly, the Court recommends the Petition be dismissed without prejudice, all pending motions be denied, and this case be closed.

## I. Background

Petitioner is challenging his 2011 conviction in this Court on charges of health care fraud, filing false income taxes, and illegal distribution of controlled substances. Dkt. # 4 at 1. Petitioner alleges in his Petition that he is currently being held in violation of the Constitution, laws, or treaties of the United States because he is actually innocent of the crimes of which he was convicted.[1] *See* Dkt. # 4 at 6; Dkt. # 4-2; *see also* Dkt. # 12. Petitioner asserts, in support of his actual innocence claim, that the Government introduced false evidence at his trial in the form of false testimony by his medical biller and a false statement by a federal agent. Dkt. # 4 at 6; Dkt. # 4-2 at 3-8. Petitioner also asserts that the prosecutor made a false statement during closing argument. Dkt. # 4-2 at 9.

On May 21, 2021, the Court ordered Petitioner to show cause why his Petition should not be dismissed without prejudice. Dkt. # 9. Petitioner file a Response to the Order to Show Cause on June 3, 2021. Dkt. # 12. Petitioner has also filed a "Disqualification of Chief Judge" and a "Request for Clarification and Request for Additional Finding (sic) of Fact." Dkt. # 42; Dkt. # 47.

## II. Discussion

All Rules Governing 28 U.S.C. § 2254 Cases apply to habeas petitions brought pursuant to § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (finding the district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to federal prisoner's § 2241 petition). Habeas Rule 4 requires the court to

---

[1] Petitioner asserts in his petition that he is in custody under the sentence imposed in United States v. Johnson, CR09-5703-RBL. However, the address provided by Petitioner in his habeas materials indicates that he is not presently incarcerated. The fact that Petitioner identifies the Respondent in this action as United States Probation and Pretrial Services suggests that Petitioner is currently serving the term of supervised release imposed as a part of his federal sentence.

summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Furthermore, the Court must *sua sponte* dismiss any action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006).

As a general rule, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (citing *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). There is a narrow exception to the general rule that challenges to the legality of a sentence must be filed under § 2255, a so-called "escape hatch," which permits a prisoner to proceed under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). "A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits." *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Likewise, relief under §2255 is not "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent a prisoner from filing a second or successive motion in the sentencing court. *Ivy*, 328 F.3d at 1059 (citing *Lorentsen*, 223 F.3d at 953).

The Ninth Circuit has held that a § 2241 petition is permissible under the "escape hatch" when a petitioner (1) makes a claim of actual innocence, and (2) demonstrates that he has not had an "unobstructed procedural shot" at presenting his claims. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). In the Ninth Circuit, "a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have

convicted him.'" *Stephens*, 464 F.3d at 898. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In order to demonstrate that he has not had an unobstructed shot to raise his claim previously, a petitioner must show that the claim did not become available until after he had exhausted his direct appeal and his first §2255 motion. *Harrison*, 519 F.3d at 960.

A review of this Court's records reveals that Petitioner filed a motion pursuant to 28 U.S.C. § 2255 challenging the convictions at issue here in December 2014. *See Johnson v. United States of America*, C14-6018-RBL, Dkt. # 1. That motion was denied by the Court in June 2015. *Id.*, Dkt. # 15. In addition to his § 2255 motion, Petitioner has filed multiple petitions for federal habeas relief under § 2241 challenging the same 2011 federal conviction. Five of the petitions were filed in the United States District Court for the Eastern District of California. *See Johnson v. Salazar*, 2:17-cv-1310-JAM-KJN ("*Salazar I*"); *Johnson v. Ponce*, 2:16-cv-1037-JAM-AC ("*Ponce*"); *Johnson v. Salazar*, 2020 WL 901479, at *4 (E.D. Cal. Feb. 25, 2020), report and recommendation adopted, 2020 WL 1274132 (E.D. Cal. Mar. 17, 2020) ("*Salazar II*"); *Johnson v. Thompsen*, No. 2:18-cv-1977-JAM-AC ("*Thompsen I*"); *Johnson v. Thompsen*, No. 2:18-cv-2580-MCE-AC ("*Thompsen II*"). [2] In these prior petitions, Petitioner challenged his conviction on the asserted grounds of actual innocence and changes in the law. *See id*. The courts found that Petitioner's contentions were insufficient to allege factual innocence and that he had previously had an unobstructed shot at raising the substance of his claims in the court of conviction. *See Ponce*; *Salazar I*; *Salazar II*; *Thompsen I*; *Thompsen II*. The courts concluded Petitioner's claims were not cognizable under § 2241. *See id.* Petitioner recently filed yet another

---

[2] *Salazar II* addressed three petitions; *Salazar II, Thompsen I,* and *Thompsen II* in a single report and recommendation.

petition under § 2241 challenging the validity of his 2001 federal conviction, this time in this District. *See Johnson v. United States Probation and Pretrial Services*, C21-5125-JCC-DWC. Petitioner alleges there, as he does here, that he is actually innocent, though he identifies in that petition a different basis for his claim of actual innocence. *Id.*, Dkt. # 10.

A review of the instant Petition reveals that here, too, Petitioner fails to satisfy the requirements for application of the "escape hatch." Petitioner has not alleged that he is actually, factually innocent of the crimes of which he was convicted. He merely alleges that the purportedly false testimony presented at trial, and the prosecutor's allegedly false statement during closing argument, *could have* affected the jury's verdict. Petitioner's actual innocence claim goes to the alleged legal inadequacy of the conviction which does not fall within the narrow exception to § 2255.

Petitioner also fails to demonstrate that he has not had an "unobstructed procedural shot" at presenting his claims. Petitioner complains that a District Judge in the Eastern District of California failed to apply the proper standard to his actual innocence claim in a prior action brought under § 2241 (Dkt. # 4-2 at 2), but he offers nothing to suggest that the issues presented here did not become available until after he had exhausted his direct appeal and his § 2255 motion.[3]

The Petition appears to be an impermissible attempt to circumvent the procedural limitations on filing a second or successive § 2255. *See* 28 U.S.C. §2255(h) (a second or

---

[3] In Response to the Order to Show Cause, Petitioner contends this Court has erroneously applied the "escape hatch" requirements to his case. Dkt. # 12. He argues he has shown he overcomes procedural default under *Schlup v. Delo*, 513 U.S. 298 (1995) and thus is entitled relief. *See* Dkt. # 12. The question before the Court is whether the Court has jurisdiction to hear this case under § 2241, not whether Petitioner can overcome any procedural default (such as untimeliness). Therefore, the Court finds Petitioner's Response does not alter the outcome of this case.

successive petition must be certified by the court of appeals); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255). A habeas petitioner cannot circumvent the bar against successive § 2255 motions by bringing a § 2241 petition raising claims otherwise appropriately addressed in a § 2255 motion. *See Porter v. Adams,* 244 F.3d 1006, 1007 (9th Cir. 2001) (affirming the denial of a § 2241 petition raising the same claims attacking petitioner's conviction that he unsuccessfully raised in a prior § 2255 motion); *Crawford v. Pontesso,* 19 F. App'x 612, 613 (9th Cir. 2001).

Because Petitioner has previously filed a § 2255 petition in this Court and he has not been granted leave from the Ninth Circuit Court of Appeals to file second or successive § 2255, the Court recommends the Petition should be dismissed without prejudice for lack of jurisdiction.

### III.   Miscellaneous Motions

Also pending before the Court is Petitioner's Disqualification of Chief Judge (Dkt. # 42) and Request for Clarification and Request for Additional Findings of Fact (Dkt. # 47). The Court has reviewed Petitioner's filings and finds Petitioner is filing duplicative and frivolous motions and requests. Moreover, The Court has found Petitioner has not provided a servable Petition, despite being given notice of the deficiencies of his Petition. As Petitioner has not provided a servable Petition and this Court lacks jurisdiction to hear this case, the Court recommends all pending motions, including the Disqualification of Chief Judge and Request for Clarification and Request for Additional Findings of Fact, be denied.

### IV. Conclusion

For the above stated reasons, the Court recommends dismissing the Petition without prejudice.[4] The Court further recommends all pending motions be denied and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 17, 2021, as noted in the caption.

Dated this 31st day of August, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge

---

[4] The Court finds a certificate of appealability is not required in this case. *See Forde v. U.S. Parole Com'n*, 114 F.3d 878, 879 (9th Cir. 1997) (finding a certificate of appealability was not required when a § 2241 petition was filed by federal prisoner). However, if a certificate of appealability would be necessary, the Court would recommend it not be issued.

REPORT AND RECOMMENDATION - 7