THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PROBATION AND PRETRIAL SERVICES,<br><br>Respondent. | CASE NO. C21-5269-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Antoine Johnson's Objection (Dkt. No. 52) to the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 50), recommending that the Court deny Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 4) (the "Petition"). For the reasons described below, the Court hereby OVERRULES the objections, ADOPTS the R&R and DENIES the Petition without prejudice.

I.   BACKGROUND

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his 2011 federal convictions for health care fraud, filing false income taxes, and distribution of controlled substances. (Dkt. No. 4 at 1.) Petitioner claims the prosecution presented false evidence at his trial which "could have affected the judgment of the jury." (Dkt. No. 1-2 at 4.) Specifically, Petitioner alleges (a) one of the witnesses used a different name when testifying, (b) that witness

mislabeled the medical-billing computer program, and (c) a second witness falsely testified to whether the clinic's certification number was used between August 16, 2007 and April 29, 2010. (*Id.* at 3–9.) Petitioner appealed his conviction to the Ninth Circuit Court of Appeals. *See United States v. Johnson*, 540 F. App'x 573 (9th Cir. 2013). The Ninth Circuit affirmed his conviction, holding that there was "plenty of strong evidence proving" that Petitioner committed health care fraud. *Id.* at 575.

Judge Christel recommends that this Court deny the Petition based on Petitioner's failure to demonstrate that his Petition can properly be brought under § 2241 rather than § 2255; if it cannot, then the Court lacks jurisdiction over his Petition as a forbidden "second or successive" motion. (Dkt. No. 50 at 4–6.) Petitioner objects to Judge Christel's R&R, claiming that (1) he indeed alleges an actual innocence claim as needed to bring a petition under § 2241; (2) he has not had "an unobstructed procedural shot" at presenting his claims; (3) Judge Christel improperly converted his claim to an "escape hatch" claim (i.e., one for which the Court has jurisdiction under §2241 only if certain requirements are met); (4) Petitioner should be granted leave to amend; and (5) Judge Christel failed to consider *Jaramillo v. Stewart*, 340 F.3d 877 (9th Cir. 2003) and *Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002).[1]

## II. DISCUSSION

### A. Legal Standard

A district court reviews *de novo* those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of

---

[1] Petitioner also objects to the R&R's conclusion that the Court lacks jurisdiction over the Petition and that the Petition is an impermissible attempt to circumvent the procedural limitations on filing multiple § 2255 petitions. (Dkt. No. 52 at 1). However, Petitioner does not present any argument on this objection, which, in any case encompasses his other objections and rises or falls along with them.

arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. Petitioner's Objections

Petitioner first objects that Judge Christel erred in not finding a tenable actual innocence claim. (Dkt. No. 52 at 1–3.) A federal prisoner challenging the legality of confinement must generally do so under § 2255; however, a prisoner can use an "escape hatch" to file a petition under § 2241 if the prisoner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). Petitioner argues that, because Judge Christel "found" that "the prosecutor's allegedly false statement during closing argument[] *could have* affected the jury's verdict" (Dkt. No. 50 at 5 (emphasis original) (cited in Dkt. No. 52 at 3)), he successfully makes a claim of actual innocence. But Judge Christel did not "find" that at all. He was merely restating Petitioner's *own allegations*, which, the R&R correctly concludes, go merely to the legal inadequacy of the conviction, not factual innocence. Petitioner's first objection is thus OVERRULED.

Petitioner's second objection, that the same purported "finding" means Petitioner has not received a full and fair opportunity to litigate his claims, (Dkt. No. 52 at 4–5), is likewise OVERRULED because Judge Christel never actually found there was false testimony that could have affected the jury's verdict. Moreover, even if Petitioner had established that the errors he alleges "could have affected the verdict," that would be insufficient; the governing standard is whether, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted" Petitioner. (Dkt. No. 50 at 2–3 (citing *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)).)

Petitioner's third objection argues that Judge Christel exceeded his authority by recharacterizing Petitioner's claim as one under § 2255's "escape hatch." (Dkt. No. 52 at 5–7.)

The Court disagrees. As mentioned, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955–56 (9th Cir. 2008). Section 2255(h) allows "second or successive" habeas petitions only when authorized by the appropriate court of appeals. 28 U.S.C. §§ 2244(a), 2255(h). As mentioned above, an "escape hatch" claim premised on a theory of actual innocence is a narrow exception to that rule and allows "a federal prisoner [to] file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Harrison*, 519 F.3d at 956 (quoting 28 U.S.C. § 2255). Relief is not inadequate under § 2255 merely because § 2255's general prohibition against second or successive petitions precludes such relief. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

Because Petitioner has not met the requirements to file a second or successive petition under § 2255(h), Judge Christel *had to* analyze Petitioner's claims of actual innocence under § 2255's escape hatch doctrine. Otherwise, Petitioner's claims immediately fail under § 2255 as an impermissible "second or successive" petition. Before the Court can consider Petitioner's assertions that his claim of innocence justifies reaching the merits of the case despite a procedural bar, *see Schlup v. Delo*, 513 U.S. 298 (1995), the Court must first have jurisdiction. But for the reasons explained above, and as the R&R correctly concludes, the Court does not have jurisdiction under § 2241, because it falls within § 2255's jurisdictional bar to successive petitions. Petitioner's third objection is OVERRULED.

Fourth, Petitioner objects that Judge Christel's R&R does not include leave to amend. (Dkt. No. 52 at 7–8.) Because Judge Christel recommends dismissal without prejudice, Petitioner's objection is misplaced. Dismissal without prejudice dismisses the case "in such a way that the plaintiff may refile the same suit on the same claim [and] does not bar the plaintiff from refiling the lawsuit within the applicable limitations period." *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). Thus, dismissal without prejudice does

not prevent Petitioner from amending his claims and refiling his case. *See id.* Petitioner's fourth objection is OVERRULED as moot.

Lastly, Petitioner objects that Judge Christel failed to consider *Jaramillo* and *Majoy*. *Jaramillo* dealt with a prisoner's attempt to bring a *Brady*[2] claim after the petitioner missed required procedural deadlines. 340 F.3d at 879. Petitioner here is not bringing a *Brady* claim after missing procedural deadlines, so *Jaramillo* is not analogous. Likewise, *Majoy* discussed a petitioner's ability to bring a time-barred habeas petition. 296 F.3d at 772. Petitioner's habeas Petition is not being denied because it is time-barred, but rather for lack of jurisdiction. So, Petitioner's reliance on *Majoy* is also misplaced. Petitioner's fifth objection is thus OVERRULED.

### C.  Certificate of Appealability

A petitioner may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This Court agrees with Judge Christel's recommendation to deny the issuance of a COA. Petitioner has not demonstrated that reasonable jurists could conclude that the issues he presents deserve encouragement to proceed further.

## III.    CONCLUSION

For the foregoing reasons, the R&R (Dkt. No. 50) is ADOPTED and Petitioner's petition for writ of habeas corpus (Dkt. No. 4) is DENIED without prejudice. A COA is DENIED. All other pending motions on the docket are DENIED as moot.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

DATED this 21st day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE